### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### LUFKIN DIVISION

| | | |
|---|---|---|
| GEORGIANA NCHOTEBAH, | § § § § | |
| Plaintiff, | | |
| v. | § § § | NO. 9:20-CV-00004-RC |
| UTMB CORRECTIONAL MANAGED CARE, TDCJ, | § § § § | |
| Defendants. | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case is referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for all pretrial matters. Pending before the court are *Motions to Dismiss* filed by Defendants UTMB-CMC (Doc. No. 4) and TDCJ (Doc. No. 15). The court has received and considered the report of the magistrate judge (Doc. No. 20), which recommends granting the motions with respect to Plaintiff Georgiana Nchotebah's claims under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the Texas Labor Code. Because Nchotebah's complaint includes enough well-pled facts to support her Title VII claims against both Defendants, the report recommends denying the motions to dismiss as to these claims. On September 23, 2020, UTMB-CMC filed *Objections to the Report and Recommendation*. Doc. No. 23. On September 24, 2020, TDCJ filed an *Objection to the Report and Recommendation*. Doc. No. 24. Nchotebah has filed no objections, and the time for doing so has passed.

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

"Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

The court has conducted a *de novo* review of the magistrate judge's report and recommendation and has carefully considered the Defendants' objections. The court finds that the magistrate judge's conclusions are correct but will briefly address the objections here.

First, UTMB-CMC argues that Nchotebah's Title VII national origin discrimination claim should be dismissed. Doc. No. 23 at 3-4. UTMB-CMC argues that failing to promote Nchotebah may have been retaliatory, but Nchotebah has not properly alleged that it was *discriminatory*. *Id.* UTMB-CMC demands more allegations "tending to prove that she was denied the promotion *because* she is African," not just "because she filed a discrimination complaint." *Id.* at 4. Yet, the court sees no reason why such conduct cannot be both retaliatory and discriminatory at the same time. If Nchotebah reported national origin discrimination, and UTMB-CMC retaliated by failing to promote her, the court can reasonably infer—as Nchotebah asserts—that the failure to promote "adversely affect[ed] her status because of [her] national origin." Doc. No. 1 at 9. At this stage, the court need not accept UTMB-CMC's assertion that the alleged retaliation was just for retaliation's sake.

Additionally, Nchotebah alleges that UTMB-CMC failed to investigate her complaints. Doc. No. 1 at 6-7. An employer can perpetuate discrimination by ignoring reports of discriminatory conduct in the workplace. After all, the purpose of Title VII is to ensure "that the workplace be an environment free of discrimination." *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009); *see also Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011) ("[T]he purpose of Title VII is to

2

protect employees from their employers' unlawful actions."). Therefore, UTMB-CMC's first objection is without merit.

Next, UTMB-CMC objects to the magistrate judge's recommendation that the court allow Nchotebah's Title VII hostile work environment claim to move forward. Doc. No. 23 at 4-7. Similarly, UTMB-CMC argues that "Nchotebah does not allege facts sufficient to infer that" the hostile work environment "ha[s] anything to do with her national origin. Rather, she implies those actions were taken in retaliation for her harassment complaint." Doc. No. 23 at 6. According to UTMB-CMC, "[t]he conduct that created the alleged hostile work environment was not motivated by discriminatory intent." *Id.* at 4. The court has the same response. Workplace conduct can be retaliatory and "hostile" at the same time. As to the discriminatory intent of the individuals engaged in such conduct, the court is bound to accept Nchotebah's factual allegations as true. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Nchotebah illustrates a hostile work environment that only she—and none of her similarly situated (non-African) colleagues—must endure. As such, UTMB-CMC's second objection also lacks merit.

Lastly, TDCJ objects to the magistrate judge's finding that an employment relationship exists between TDCJ and Nchotebah. Doc. No. 24 at 2-4. TDCJ ardently argues the facts, claiming that it cannot be liable under Title VII because it is not Nchotebah's employer. *Id.* TDCJ points to portions of the complaint which might imply that UTMB-CMC and TDCJ are separate employers. *Id.* at 3-4. As the magistrate judge recognized, "[t]hese arguments are strong, but at the dismissal stage, the court must accept the Plaintiff's version of events as true." Doc. No. 20 at 12. As discovery proceeds, it may become clear that, in fact, TDCJ has no employment relationship with Nchotebah. But at this stage, the court agrees that Nchotebah has pled enough facts to state an employment relationship between herself and TDCJ. Not only did TDCJ conduct the investigation

into Nchotebah's complaints, but TDCJ officials like the Warden exerted tremendous control over her. *See Deal v. State Farm Cty. Mut. Ins. Co.*, 5 F.3d 117, 119 (5th Cir. 1993) ("[t]he right to control . . . the right to supervise the employee"). Therefore, TDCJ's objection lacks merit.

It is, therefore, **ORDERED** that UTMB-CMC's objections to the magistrate judge's report and recommendation (Doc. No. 23) are **OVERRULED**. Further, it is **ORDERED** that TDCJ's objection to the report and recommendation (Doc. No. 24) is **OVERRULED**. Accordingly, the report and recommendation of the magistrate judge (Doc. No. 20) is **ADOPTED**, and the Defendants' *Motions to Dismiss* (Doc. No. 4, 15) are **GRANTED IN PART**. Nchotebah's 42 U.S.C § 1981, 42 U.S.C. § 1983, and Texas Labor Code claims are **DISMISSED WITH PREJUDICE**. Defendants' motions to dismiss Nchotebah's Title VII claims are **DENIED**.

So ORDERED and SIGNED, Oct 14, 2020.

Ron Clark
Senior Judge