\*\*NOT FOR PRINTED PUBLICATION\*\*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| GEORGIANA NCHOTEBAH, § § Plaintiff, § § v. § § UNIVERSITY OF TEXAS MEDICAL § BRANCH – CORRECTIONAL MANAGED § CARE and TEXAS DEPARTMENT OF § CRIMINAL JUSTICE, § § Defendants. § | CIVIL ACTION NO. 9:20-CV-0004-RC-ZJH |

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On January 10, 2020, the court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pre-trial management. Pending before the court are *Motions for Summary Judgment* from Defendant Texas Department of Criminal Justice ("TDCJ") (Doc. No. 39) and Defendant University of Texas Medical Branch – Correctional Managed Care ("UTMB") (Doc. No. 41).

On October 4, 2021, Judge Hawthorn issued a Report and Recommendation in which he recommended granting TDCJ's motion. Doc. 58. The parties did not file objections to this report, and the time for doing so has passed. FED. R. CIV. P. 72(b)(2). Despite the lack of objections, the court reviewed the Report and Recommendation (Doc. No. 58), the Motion (Doc. No. 39), Nchotebah's Response (Doc. No. 44), TDCJ's Reply (Doc. No. 51), and the other pleadings and papers on file. The magistrate judge detailed the summary judgment evidence and clearly set out the applicable law. No material fact has been raised as to whether TDCJ is Nchotebah's joint employer. As stated by the magistrate judge, she has no claim under Title VII against TDCJ.

On October 19, 2021, Judge Hawthorn issued a Report and Recommendation in which he recommended granting UTMB's motion.  Doc. No. 59.  Nchotebah filed timely objections to the report and recommendation.  Doc. No. 60.  A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). The court has conducted a *de novo* review of the magistrate judge's report and recommendation and has carefully considered Nchotebah's objections.  The court finds that the magistrate judge's findings and conclusions of law are correct, and that Nchotebah's objections are without merit.

In her first objection, Nchotebah asserts that she has established a *prima facie* case of national origin discrimination by producing a list of mid-level practitioners who received a salary increase after 2018.  Doc. No. 60 at 3.  But included in that list is Nchotebah herself.  As stated in the magistrate judge's Report and Recommendation, all eligible UTMB employees, including Nchotebah, received a salary increase in September 2018.  Doc. No. 41-1 at 80.  Nchotebah is not aware of any Nurse Practitioners that have been promoted or given a raise since then.  Nchotebah Dep. 133:8-24.  She also did not produce evidence that UTMB filled a Wound and Ostomy role with a non-African or continued to seek applicants for it.  She therefore fails to establish the elements of a *prima facie* case of national origin discrimination.

Second, Nchotebah argues that UTMB should have increased her pay because she attained a Wound and Ostomy certification.  Doc. No. 60 at 4.  As the magistrate judge explained, there is no evidence that UTMB's compensation guidelines required her salary to be increased.  Doc. No. 43-3 at 7.  Nchotebah has also offered nothing to rebut UTMB's evidence that TDCJ funding—not UTMB's compensation guidelines—sets the salaries of UTMB employees working in TDCJ

prison units.  Doc. No. 41-1 at 80.  Nchotebah claims this explanation is pretext because it is "admittedly based upon subjective criteria which is contradicted by UTMB's Compensation Guidelines."  Doc. No. 60 at 7.  If TDCJ funding does in fact set the salaries of UTMB employees working in TDCJ prison units—and the evidence shows that it does—then UTMB's reason for not increasing her pay was objective, not subjective.

Third, Nchotebah claims that she has established a *prima facie* case of national origin discrimination because UTMB failed to promote her.  *Id*. at 5.  In her objection, she fails to consider the requirements of a failure-to-promote claim: the employer must either (a) hire a person outside of the plaintiff's protected class, or (b) continue to seek applicants with the plaintiff's qualifications.  *Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 406 (5th Cir. 2021).  There is no evidence that UTMB did either of these things.

Fourth, Nchotebah points out that she performed her job well.  Doc. No. 60 at 7.  This objection is irrelevant, as UTMB has not put her performance in question.  Instead, it has explained her lack of promotion and pay increase as a function of UTMB's organization and funding.

Fifth, Nchotebah argues that UTMB has given inconsistent and conflicting reasons for its failure to promote her or increase her pay.  *Id*. at 8.  UTMB has consistently explained that its failure to promote her or increase her pay was because (1) no Wound or Ostomy specialist position existed, and (2) TDCJ funding sets the salaries of UTMB employees working in TDCJ prison units.

Finally, Nchotebah claims that UTMB created a hostile work environment by forcing her to comply with a system where clinical notes were allegedly falsified.  *Id*. at 10.  Her objection is a word-for-word rehash of her Response to UTMB's Motion for Summary Judgment.  Doc. No 43 at 28.  As the magistrate judge already explained, an appropriate comparison would be between

Nchotebah and a non-African practitioner who also did not comply with the practice. Instead, Nchotebah points to non-African practitioners who *did* comply with the practice. Accordingly, she cannot establish a hostile work environment claim based on that practice.

It is therefore **ORDERED** that Plaintiff Georgiana Nchotebah's objections (Doc. No. 60) are **OVERRULED**. Both Report and Recommendations (Doc. Nos. 58 and 59) are **ACCEPTED**, and both Defendants' *Motions for Summary Judgment* (Doc. Nos. 39 and 41) are **GRANTED**. The court will enter a Final Judgment separately.

**So Ordered and Signed**
Nov 8, 2021

*[signature]*

Ron Clark
Senior Judge